UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

LAURA BARNES
SSN: XXX-XX-2968,

       Plaintiff,

v.                                           Civil Action No.: 2:09-CV-51

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

On April 17, 2009, Laura Barnes ("Plaintiff") filed a complaint[1] under 42 U.S.C. § 405(g) and an Application to Proceed in Forma Pauperis ("IFP").[2] On May 11, 2009, this Court issued an Order Directing Plaintiff's Father and Brother to Submit an Addendum to the Application.[3] On May 20, 2009, Plaintiff filed an Addendum to Plaintiff's Application to Proceed In Forma Pauperis ("Addendum") objecting to this Court's request for Plaintiff's father and brother to submit an addendum to Plaintiff's IFP Application setting forth their income and assets.[4] On September 22, 2009, the Court issued an Order directing Plaintiff to provide additional information to the Court including the financial support by adult family members.[5] On September 23, 2009, Plaintiff filed a Second Addendum to Plaintiff's Application to Proceed

---

[1] Doc. No. 1.

[2] Doc. No. 2.

[3] Doc. No. 4.

[4] Doc. No. 5.

[5] Doc. No. 6.

1

In Forma Pauperis.[6] On September 28, 2009, the Court issued an Order directing Plaintiff refile Plaintiff's Second Addendum to Plaintiff's Application to Proceed In Forma Pauperis under oath.[7] On October 8, 2009, Plaintiff filed Plaintiff's Second Addendum to Plaintiff's Application to Proceed In Forma Pauperis under oath.[8]

Plaintiff's original application revealed she receives $658 per month from her father to pay her bills. She also receives $200 in food stamps per month. She owns a home worth approximately $40,000. Her expenses include $278 per month for her mortgage, $350 per month for her utilities, and $30 per month for transportation, which are all paid by her father. She spends $200 per month on food. This amount is covered by food stamps. In her Second Addendum to Plaintiff's Application to Proceed In Forma Pauperis, Plaintiff adds that her father paid $57 per month for the last 12 months as interest on Plaintiff's home equity loan. The home equity loan came due in April 2009, and Plaintiff was unable to pay the loan. Plaintiff's brother paid a one-time fee of $160 in June 2009 in order to extend the deadline for payment of the home equity loan. The home equity loan has since been turned over to a collections firm. Additionally, Plaintiff's brother paid $514.20 in property taxes for 2008. Plaintiff owes $533.27 in property taxes for 2009, which have not yet been paid.

Plaintiff is not absolutely destitute, however, such a finding is not required in order to proceed IFP. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89 (1948). Adkins holds that an "affidavit is sufficient which states that one cannot because of his

---

[6] Doc. No. 7.

[7] Doc. No. 8.

[8] Doc. No. 9.

2

poverty 'pay or give security for the costs...and still be able to provide' himself and dependents 'with the necessities of life.'" Id.[9]

When determining IFP status, the Court considers "any support that an IFP applicant might receive from a spouse, or *from any other individual*." Ginters v. Frazier, 2008 WL 314701 at 2 (D. Minn., February 4, 2008)[10] (*emphasis added*). See, e.g., Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at 3 (N.D. Ind., 1993)[11] (the income and assets of close family members are relevant to a determination of indigency); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (it is proper to consider whether the party claiming indigent status receives financial support from her family); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'") (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978).

Plaintiff's father and brother pay Plaintiff's living expenses. Though Plaintiff's father and brother have provided financial support, there is still an outstanding balance on Plaintiff's home equity loan and outstanding property taxes. It appears Plaintiff must again rely on her

---

[9] The Supreme Court has elaborated on this standard in Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203, 113 S. Ct. 716, 722, 121 L. Ed.2d 656 (1993) (citation omitted), stating: "Poverty, in its primary sense, is a human condition, to be '[w]anting in material riches or goods; lacking in the comforts of life; needy.'"

[10] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

[11] See FN 2.

father and brother to pay these two debts. Plaintiff has no readily available cash to pay the $350 filing fee. Accordingly, it is ORDERED Plaintiff's October 8, 2009 Second Addendum to Plaintiff's Application to Proceed In Forma Pauperis is GRANTED, and Plaintiff be permitted to prosecute said action to its conclusion without prepayment of costs or giving security therefor. The Clerk of Court is DIRECTED to notify the United States Marshals service who shall serve process pursuant to Federal Rule of Civil Procedure 4(c)(2). Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $350.00 filing fee.

The Clerk is directed to transmit a copy of this Order to counsel of record herein.

**IT IS SO ORDERED.**

DATED: October 16, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE