IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAURA BARNES,

      Plaintiff,

vs.                          Civil Action No. 2:09 CV 51
                                  (Maxwell)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## ORDER

It will be recalled that the above-styled social security appeal was instituted on April 17, 2009, with the filing of a Complaint by Plaintiff Laura Barnes.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.12 of the Local Rules of General Practice and Procedure.

On April 2, 2010, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Plaintiff's Motion For Summary Judgment be denied; that the Defendant's Motion For Summary Judgment be denied; and that the action be remanded with directions for the ALJ to consider all medical evidence of record; to indicate the weight afforded to the medical opinions; and to examine whether the Plaintiff's impairments meet the C criteria of Listing 12.02. In said

Report And Recommendation, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within fourteen (14) days after being served with a copy of said Report And Recommendation. Magistrate Judge Seibert's Report And Recommendation expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Seibert's April 7, 2009, Report And Recommendation have been filed.

Upon consideration of said Report and Recommendation, and having received no written objections thereto[1], the Court accepts and approves the Report And Recommendation. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report And Recommendation (Docket No. 23) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

1. The Plaintiff's Motion For Summary Judgment (Docket No. 16) is **DENIED**; and

2. The Defendant's Motion For Summary Judgment (Docket No. 20) is **DENIED**; and

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

3. The Commissioner's decision is **REVERSED**, and the above-styled civil action is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Seibert's Report And Recommendation.

In accordance with Shalala v. Schaefer, 125 L.Ed.2d 239 (1993), it is further

**ORDERED** that the Clerk of Court shall enter **JUDGMENT** reversing the decision of the Defendant and remanding the cause for a rehearing and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order.

**ENTER:** June  7 , 2010

                                            **/S/ Robert E. Maxwell**
                                              United States District Judge